IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10786
(Summary Calendar)
_____

WILLIAM ROBERT McCORMICK,
          Plaintiff-Appellant

vs.

RUSTY WEST, M.D.;
MONTAGUE COUNTY JAIL,
          Defendants-Appellees

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:94-CV-490-E)
_____

April 18, 1996

Before WIENER, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this *pro se* prisoner action, William Robert McCormick filed a § 1983 suit *in forma pauperis* against Rusty West, M.D. and the Montague County Jail for violations of his civil rights. The complaint alleged that Dr. West and the jail failed to provide him adequate medical care and placed him overnight in a "Chinese cell" -- a cell that had no toilet facilities, save a hole in the floor, or bedding -- all in violation of the Eighth Amendment. McCormick subsequently moved to substitute Sheriff Kevin Benton for the jail as party defendant. The district court granted Dr. West's motion for summary judgment and dismissed as

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

frivolous the claims against the jail and sheriff. McCormick appeals from the district court's disposition of the case, complaining that the court abused its discretion in refusing to accept various pleadings for filing, and that it reversibly erred both in granting Dr. West's summary judgment motion and dismissing the claims against the jail and sheriff. We affirm in part, reverse in part, and remand for further proceedings.

In adjudicating Dr. West's motion for summary judgment, the district court found that "McCormick's allegations amount to, at most, negligence and a difference of opinion with the Jail doctor as to his treatment," and that he therefore had not demonstrated the "deliberate indifference" necessary to prevail in a § 1983 suit based on the failure to provide constitutionally sufficient medical care under the Eighth Amendment. We find no error in this ruling and affirm.

We also find that the trial court did not abuse its discretion in refusing to accept certain filings because they did not comport with local rules. The record reveals that, with the exception of the documents requesting a temporary restraining order, the pleadings ordered unfiled by the district court were either not required to be filed or were subsequently accepted for filing. The district court apparently construed the pleadings responsive to its show cause order and gave them "full consideration," despite their late filing date, in ruling on the frivolousness of the case against the Montague County jail. As McCormick could not have shown he was entitled to a temporary restraining order, and was

2

not materially affected by the failure to accept filing of the other pleadings, he was not denied access to the court and was not prejudiced by the district court's refusal to accept the pleadings for filing.

We nonetheless determine that remand is required in this matter. The district court dismissed as frivolous the claims against the jail, even assuming the substitution of Sheriff Benton, on the ground that McCormick had failed to allege an official policy or custom, a necessary element in a suit against government officials in their official, rather than individual, capacity. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Although we find no error with respect to the district court's dismissal of McCormick's claim that the jail and Sheriff Benton denied him adequate medical care, his complaint that he was placed in a "Chinese cell" lacking toilet and bed facilities should not have been dismissed as frivolous under 28 U.S.C. § 1915(d). Courts have found such prison conditions to be cruel and unusual punishment violating the Eighth Amendment. *See, e.g. Kirby v. Blackledge*, 530 F.2d 583, 586 (4th Cir. 1976) (placement in "Chinese cell" in which there is no bedding, no light and no toilet facilities save a hole in the wall violates Eighth Amendment); *McCray v. Sullivan*, 509 F.2d 1332, 1336 (5th Cir. 1975)(placement of prisoners in small cell with no beds, toilets, sinks or other facilities, other than hole in the cell floor that serves as toilet, is cruel and unusual punishment); *see also Bienvenu v. Beauregard Parish Police Jury*, 705 F.2d 1457, 1460 (5th Cir. 1983)(allegation that

3

defendant intentionally subjected prisoner to "cold, rainy, roach-infested facility and furnished him with inoperative, scum-encrusted washing and toilet facilities sufficiently alleges a cause of action cognizable under 42 U.S.C. § 1983 and the eighth and fourteenth amendments."). Moreover, the existence and use of such facilities clearly suggest a custom or policy of the prison implicating the sheriff in his official capacity. As such, McCormick has stated a nonfrivolous claim that must be remanded for further development.

## DECREE

For the foregoing reasons, the district court's order dated June 21, 1995, dismissing the claims against Dr. West is affirmed; the district court's order dated August 7, 1995, is reversed to the extent that it dismissed McCormick's claim of impermissible placement in a "Chinese cell"; and the case is remanded for further proceedings.